IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT WILLIAN SYKES, JR.　　　　＊

　　Petitioner,　　　　　　　　　　＊

　　　　　　　　　　　　　　　　　＊　Civil No. RDB-18-0690
v.　　　　　　　　　　　　　　　　＊　Criminal No. RDB-15-0458
　　　　　　　　　　　　　　　　　＊
UNITED STATES OF AMERICA　　　　　＊

　　Respondent.　　　　　　　　　　＊

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

### **MEMORANDUM OPINION**

On December 3, 2015, Robert Williams Sykes, Jr. ("Sykes" or "Petitioner") pled guilty to two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). On April 6, 2016, Judge Marvin J. Garbis of this Court sentenced Petitioner to seventy-two (72) months imprisonment, followed by supervised release for a term of three (3) years.[1] On April 13, 2016, Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit on the grounds that this Court miscalculated his sentencing guidelines by denying him a three level reduction and erred by denying his motion for a downward departure. On December 20, 2016, the Fourth Circuit affirmed the Petitioner's sentence. *United States v. Sykes*, No. 16-4206, 671 F. App'x 199 (4th Cir. Dec. 20, 2016).

On March 8, 2018, Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that his counsel was ineffective during his

---

[1] This case was subsequently reassigned to the undersigned Judge on July 12, 2018.

1

sentencing. (ECF No. 68.).[2] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner Sykes' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 68) is DENIED.

## BACKGROUND

On August 20, 2015, a federal grand jury in Maryland returned an indictment charging Petitioner Sykes with two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). According to the statement of facts set forth in the Presentence Investigation Report (ECF No. 25) to which the Petitioner agreed, on November 30, 2014 Sykes walked into a Family Dollar Store in Baltimore City, Maryland, approached the front counter, and demanded money or threated that he would start shooting. (ECF No. 25.) The cashier complied and handed Sykes about $97.00 before he fled. (*Id.*) A customer in the store followed Sykes out the door and took a picture of him as he was entering the driver's side door of a Cadillac. (*Id.*) A few days later, on December 2, 2014, Sykes entered the Advance Auto Parts in Baltimore City, Maryland, holding a bb-gun in his left hand. (*Id.*) He demanded that both employees at the register give him money from the register. (*Id.*) When they told

---

[2] Also pending is Petitioner's Motion for Default, which he filed on June 28, 2018. (ECF No. 72.) Petitioner's Motion for Default argues that this Court "should enter an order granting Habeas Corpus Motion . . . due to neglect by the United States Attorney" for failing to file a timely response to Petitioner's Motion to Vacate. *Id.* As Government counsel who responded to Petitioner's Motion did not enter this case, however, until almost three months after this Court directed the Government to respond to the Motion within sixty days, there is good cause to extend the Government's time to respond and Sykes' Motion for Default (ECF No. 72) is DENIED. *See* Federal Rule Civil Procedure 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the courts act, or if a request is made, before the original time or its extension expires . . . or on motion made after the time has expired if the party failed to act because of excusable neglect.")

him that they could not open the register without a key, he fled the store. (*Id.*) On December 3, 2015, Petitioner pled guilty to both counts of Hobbs Act Robbery. (ECF No. 21.)

At Petitioner's sentencing on April 6, 2016, the Presentence Investigation Report assigned Petitioner nine criminal history points, resulting in a criminal history category IV and an advisory guideline range of sixty-three (63) to seventy-eight (78) months. (ECF No. 25 ¶ 18-31, 34-37, 72.) At sentencing, the Government and defense counsel disagreed over whether the Government should be permitted to introduce evidence of uncharged conduct. (Sent. Tr., ECF No. 59 at 15-19.) Ultimately, this Court permitted the Government to introduce evidence of uncharged conduct, indicating that whether the evidence was excessive would depend on the relevant factors found in 18 U.S.C. § 3553. (*Id.* at 19.) After the presentation of evidence and witness testimony and legal argument, this Court sentenced Sykes within the guideline range to seventy-two (72) months imprisonment followed by supervised release for a term of three (3) years. (ECF No. 49.)

On April 12, 2016, Sykes appealed his sentence to the United States Court of Appeals for the Fourth Circuit, on the grounds that this Court miscalculated the guidelines by denying him a three level attempt reduction and erred by denying his motion for a downward departure. (ECF No. 51.) On December 20, 2016, the Fourth Circuit affirmed the judgment of this Court. *See United States v. Sykes*, No. 16-4206, 671 F. App'x 199 (4th Cir. Dec. 20, 2016). On March 8, 2018, Sykes filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing his counsel was ineffective during his sentencing. (ECF No. 68.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). When seeking relief under 28 U.S.C. § 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## ANALYSIS

### I. Petitioner's Motion is Timely

At the outset, this Court notes that the Petitioner's § 2255 Motion is timely. A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). Under § 2255(f), limitations runs from the latest of, among other things, the date on which the judgment of conviction becomes final. *Id.* Here, Petitioner's sentence was affirmed by the Fourth Circuit on December 20, 2016. His Judgment then became final on or around March 20, 2017, when he did not petition the Supreme Court for certiorari. *Clay v. United States*, 537 U.S. 522, 525, 123 S. Ct. 1072 (2003). Therefore, Petitioner had until March 20, 2018 to file the instant § 2255 Motion. Because he filed his Motion on March 8, 2018, his Motion is timely.

## II. Petitioner's Ineffective Assistance of Counsel Claim Fails

Petitioner Sykes asserts that his counsel was ineffective in violation of his Sixth Amendment right to the United States Constitution because he alleges that his counsel failed to object to an incorrect calculation of prior convictions in his presentence investigation report and failed to object to the use of an uncounseled misdemeanor. (ECF No. 68.) To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first step, the petitioner must establish "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* When evaluating attorney conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Under the second step, the petitioner must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must demonstrate not only that counsel's deficient conduct has a reasonable probability of affecting the outcome of the proceeding, but also that, because of it, the "result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369(1993). Thus, as noted by the United States Court of Appeals for the Fourth Circuit, the mere possibility that a result may have been different is not sufficient to satisfy the prejudice

prong. *Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). This Court addresses Petitioner's two claims below.

### a. Counsel's Alleged Failure to Object To An Incorrect Calculation of His Prior Convictions

First, Sykes claims that his counsel was ineffective by failing to object to an incorrect calculation of prior convictions in his presentence investigation report. (ECF No. 68.) Nowhere in his § 2255 Motion, however, does Sykes indicate what prior convictions he asserts were incorrectly calculated. Rather, Sykes attached to his Motion an affidavit of probable cause for Sykes' arrest in 2007 and a self-serving affidavit that contradicts the facts in the statement of probable cause.

The Fourth Circuit has previously held that "[v]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013). It is unclear how the affidavit of probable cause and Sykes' affidavit support the contention that Petitioner's counsel failed to object to the presentence investigation report's accounting of Sykes' prior convictions. Therefore, because Petitioner offers no more than a vague and conclusory allegation in his § 2255 Motion, this claim fails.

### b. Counsel's Alleged Failure to Object to a Misdemeanor Conviction

Second, Sykes claims that his counsel failed to object to a misdemeanor drug conviction, which according to Sykes, should not have contributed to his criminal history points because he was never represented by counsel with respect to the misdemeanor charge. (ECF No. 68.) The Fourth Circuit has held that "[w]hen a prior conviction is used to assess the applicable

criminal history category of a defendant, . . . the burden [is] on the defendant to at least raise an inference of the invalidity of the prior conviction." *United States v. Collins*, 415 F.3d 304, 316 (4th Cir. 2005). With respect to a claim that the defendant was not represented by counsel on a prior conviction, "[t]he defendant must overcome a presumption that the state court informed him of his right to counsel as it was required to do, and that, if he was not represented, it was because he waived his right to counsel." *United States v. Foster*, 565 F. App'x 202, 202 (4th Cir. 2014). The Fourth Circuit has repeatedly stated, "self-serving testimony of the [petitioner] is generally not sufficient to overcome that presumption" that the state court informed him of his right to counsel and he waived it. *Id.* (quoting *United States v. Jones*, 977 F.2d 105, 111 (4th Cir. 1992)).

In his Motion, Sykes does not provide any substantive evidence to overcome the presumption that he was informed him of his right to counsel with respect to his misdemeanor charge and that he waived that right. Rather, he attached an affidavit as proof that he did not waive his right to counsel. Outside of his affidavit, filed years after the sentencing in question, Sykes offers no evidence that his conviction violated his Sixth Amendment right to counsel.[3] Moreover, he also has failed to show that even if the misdemeanor was improperly considered by this Court, his counsel knew or should have known and objected to its consideration.

Further, even if Petitioner met his burden of showing that the misdemeanor was improperly considered and his counsel was ineffective for failing to object during sentencing,

---

[3] Mr. Sykes provides in his Reply to the Government's Response (ECF No. 76) another Affidavit, which more vividly depicts the alleged deficiency by counsel. However, this Affidavit once again fails to overcome the presumption that the state court informed him of his right to counsel and he waived it, because it merely provides self-serving testimony. *See Foster*, 565 F. App'x 202, 202 (4th Cir. 2014).

7

Sykes' claim fails on the second prong of the *Strickland* analysis because he has not shown that prejudice resulted from counsel's deficient performance. Petitioner's counsel, two Assistant Federal Public Defenders, vigorously advocated on his behalf during sentencing. With respect to previous uncharged conduct, his counsel argued that his criminal history category was overrepresented because two of the offenses occurred when Sykes was eighteen years old and two offenses were "minor non-violent and remote in time." (ECF No. 59 at 11-12.) After the presentation of evidence and witness testimony and legal argument, this Court sentenced Petitioner within his guideline range, and his sentence was subsequently affirmed by the Fourth Circuit. For these reasons, Petitioner has now shown that his counsel was ineffective during the sentencing process, and his ineffective assistance of counsel claim fails. Therefore, Sykes' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 68) is DENIED.

## CONCLUSION

For the reason stated above, Petitioner Sykes' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating

that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Sykes' claim debatable, a certificate of appealability is DENIED.

Dated: November 16, 2018

_____
Richard D. Bennett
United States District Judge